# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LIONEL WILLIAM ARMSTRONG,    ) | |
| ) | |
| Movant,    ) | |
| ) | |
| v.    ) | 1:97CR163-1 |
| ) | |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Respondent.    ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Movant Lionel William Armstrong, a federal prisoner, has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) which is now before the Court for decision. (Docket No. 21.) Section 3582(c)(2) allows a court to reduce the term of imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the United States Sentencing Commission. The United States Sentencing Guidelines (USSG) state that a reduction in sentence due to a subsequent lowering of the Guidelines range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). If a reduction is authorized, it is then within the discretion of the court as to whether or not, considering the factors set out in § 3553(a), the sentence should actually be reduced.

Amendment 599, the amendment relied on by Movant, is listed in USSG § 1B1.10(c), which means that a reduction is authorized retroactively if the amendment lowers Movant's

applicable Guidelines range. USSG § 1B1.10(a). Amendment 599 amended USSG § 2K2.4. The amendment was made to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may also receive weapon enhancements contained in the Guidelines for those other offenses. USSG App. C, amendment 599. Relevant to this case, when a person is convicted of bank robbery and a violation of 18 U.S.C. § 924(c)(1) for the same robbery, weapon enhancement provisions should not be applied in calculating the offense level for the bank robbery. However, this still does not aid Movant.

Movant was convicted of both bank robbery under 18 U.S.C. § 2113(a) and carrying and using a firearm during a bank robbery in violation of § 924(c)(1). Therefore, no weapons enhancements would have applied to the calculation of his sentence for the bank robbery conviction if Amendment 599 had been in effect at the time of his sentencing. However, none were applied in any event. The government states that Movant did receive a two-level enhancement for taking the property of a financial institution, but this was not a weapons enhancement covered by Amendment 599. Further, Respondent points out that Movant's eventual Guidelines range was determined by the fact that he was a career offender. The career offender designation would not have been affected by Amendment 599. Movant does not disagree that the government's statements that he received only an enhancement for taking the property of a financial institution or that he was found to be a career offender.

Instead, he argues in his reply brief that he is entitled to relief despite the fact that he is a career offender. He is simply incorrect on this point and his motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Movant's motion for reduction of sentence (Docket No. 21) be denied.

                                                       /s/ P. Trevor Sharp
                                                 United States Magistrate Judge

Date: June 17, 2011